UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                    Case No. 1:24-cv-00255

$7,967.67 FROM MICHIGAN STATE
UNIVERSITY FEDERAL CREDIT UNION
ACCOUNT ENDING 8960,

    Defendant.
_____/

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

NOW COMES Plaintiff, the United States of America, by and through its attorneys, Mark A. Totten, United States Attorney for the Western District of Michigan, and Daniel T. McGraw, Assistant United States Attorney, and states upon information and belief that:

### NATURE OF THE ACTION

1.    This is a civil forfeiture action filed pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), 21 U.S.C. § 881(a)(6), and Supplemental Rule G(2) of the Federal Rules of Civil Procedure, to forfeit and condemn to the use and benefit of the United States of America: $7,967.67 from Michigan State University Federal Credit Union Account ending 8960 ("Defendant Property").

### THE DEFENDANT IN REM

2.    The Defendant Property consists of $7,967.67 seized from Michigan State University Federal Credit Union ("MSU FCU") Account ending 8960 on or

about December 7, 2021 by the Drug Enforcement Administration ("DEA"). The Defendant Property is currently in the custody of the United States Marshals Service ("USMS").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1345, 1355(b)(1)(A), because this action is being commenced by the United States of America as Plaintiff, and the acts giving rise to the basis for forfeiture occurred in this judicial district.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to forfeiture occurred in this judicial district, and/or pursuant to 28 U.S.C. § 1395(b), because the Defendant Property was found within this judicial district.

## BASIS FOR FORFEITURE

5. As set forth below, the Defendant Property is subject to forfeiture to the United States of American pursuant to:

a. 18 U.S.C. § 981(a)(1)(A) because it is any property, real or personal, involved in a transaction or attempted transaction in violation of section 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), or any property traceable to such property;

b. 18 U.S.C. § 981(a)(1)(C) because it is any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 21 U.S.C. § 841(a)(1), an offense constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7); and

c. 21 U.S.C. § 881(a)(6) because it constitutes (1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance; and/or (2) proceeds traceable to such an exchange; and/or (3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. §§ 841, 846.

## FACTS SUPPORTING FORFEITURE

6. RONNIE LOU OLIVER is a drug dealer who sold methamphetamine, heroin, fentanyl, cocaine, and/or cocaine base in Lansing, Michigan in 2020 and 2021.

7. During a DEA investigation into OLIVER's drug trafficking, between April and June 2021, investigators executed nine controlled buys for various amounts of heroin/fentanyl and cocaine base from OLIVER.

8. Following indictment by a grand jury in the Western District of Michigan, on September 16, 2021, pursuant to a plea agreement with the United States of America OLIVER pleaded guilty to distribution of fentanyl, in violation of 21 U.S.C. § 841(a)(1), and felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). *See United States v. Ronnie Lou Oliver* (W.D. Mich., No. 1:21-cr-00140-PLM) (R.30: Plea Agreement, PageID.149-158.)

9. In the plea agreement, OLIVER ("Defendant") and the United States of America agreed to the following statement of facts that supported his guilty pleas:

a. On June 21, 2021, in Ingham County, Defendant sold approximately 58.11 grams of a mixture or substance containing a detectable amount of fentanyl to an undercover police officer for $4,000.

b. Following that and other controlled buys from Defendant, investigators obtained and executed a federal search warrant for Defendant's storage unit on South Martin Luther King Boulevard in Ingham County, Michigan on June 23, 2021. Inside was additional amounts of methamphetamine, cocaine, heroin/fentanyl, pills, and a box containing 49 rounds of .22 caliber Remington ammunition. The ammunition was manufactured outside the State of Michigan and traveled through interstate commerce before Defendant possessed it. Defendant admits to possessing this ammunition and, at the time, knowing that he was prohibited from doing so because he was previously convicted of a crime punishable by imprisonment for more than one year. Specifically, Defendant was convicted of: (1) Criminal Sexual Conduct – 3rd Degree in 1996; (2) Possession of Less than 25 grams of a Controlled Substance in 1999; (3) Resisting and Obstructing Police in 2001; (4) Possession of Less than 25 grams of a Controlled Substance in 2001; (5) Possession of Less than 25 grams of a Controlled Substance in 2007; (6) Fleeing and Eluding – 4th Degree in 2009; (7) Delivery or Manufacturing Methamphetamine or Ecstasy in 2010; (8) Delivery or Manufacturing of a Controlled Substance in 2010; (9) Possession of a Firearm by a Felon in 2010; and (10) Felony Firearm in 2010.

c. Before Defendant committed the offense of distribution of fentanyl, he had one or more final convictions for a serious drug felony, namely, (1) Controlled

Substance – Delivery/Manufacture of Methamphetamine, a conviction under Mich. Comp. Laws § 333.7401(2)(B)(i), on or about November 18, 2010, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense, and (2) Controlled Substance – Delivery/Manufacture (Cocaine, Heroin, or Another Narcotic Drug), a conviction under Mich. Comp. Laws § 333.7401(2)(a)(iv), on or about November 18, 2010, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

10. In the plea agreement, OLIVER also agreed to fully cooperate with the federal government in the seizure and forfeiture of assets under 21 U.S.C. § 853, which includes any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of drug trafficking. *See United States v. Ronnie Lou Oliver* (W.D. Mich., No. 1:21-cr-00140-PLM) (R.30: Plea Agreement, PageID.151.)

11. During the search of OLIVER's storage unit as described above, investigators found a MSU FCU Visa card in the name of RONNIE L OLIVER with "Four Season" listed on it. Investigators also found MSU FCU checks in the name of "Four Season" with an address listed on Jerree Street in Lansing, Michigan, and Account ending 8960. Investigators also found an envelope from the Ingham County Clerk's Office addressed to "Four Season" at an address on N. Pennsylvania Avenue in Lansing, Michigan with the handwritten name RONNIE OLIVER.

12. The following day, investigators executed a search warrant at the address on N. Pennsylvania Avenue in Lansing, Michigan and seized the following items: 43.80 grams of a heroin/fentanyl mixture; 27.44 grams of methamphetamine; 30.52 grams of cocaine base; 16.60 grams of cocaine; and $810 U.S. currency from inside an MSU FCU money bag that included $90 of DEA buy funds from a prior controlled buy from OLIVER.

13. During the execution of search warrants at the storage unit, OLIVER's residence, and OLIVER's vehicle, investigators did not find any tools or equipment that would be used for handyman or home repair services.

14. According to records from the Ingham County Clerk's Office, on or about November 30, 2020, OLIVER established "Four Season" as a business. The application listed the business as a handyman service. The company "Four Season LLC" filed for articles of organization on December 17, 2020.

15. "Four Season LLC" did not file Michigan tax returns during the year 2020 or 2021.

16. According to records from MSU FCU, Account ending 8960 is a joint Business Spartan Saver and Small Business Checking account. OLIVER has maintained MSU FCU Account ending 8960 in the name of "Four Season" since December 11, 2020. OLIVER was listed as the sole authorized signatory on the account.

17. In December 2020, bulk cash deposits totaling $100 were made into Account ending 8960.

18. In January 2021, no deposits were made into Account ending 8960.

19. In February 2021, four bulk cash deposits totaling $7,860 were made into Account ending 8960 (February 1: $1,720; February 3: $1,000 and $420; February 16: $2,220; and February 22: $2,500).

20. From March through June 2021, no other deposits were made into Account ending 8960 (although the account earned minor dividend interest).

21. On or about June 23, 2021, OLIVER was arrested by DEA agents in Lansing, Michigan, and has remained in federal custody since.

22. On or about December 1, 2021, United States Magistrate Judge Sally J. Berens issued a Warrant to Seize Property Subject to Forfeiture, specifically, MSU FC Account ending 8960 in the name of "Four Season." *See* Case No. 1:21-mj-00620 (W.D. Mich.)

23. On or about December 7, 2021, DEA executed the warrant and seized the Defendant Property.

24. On or about February 16, 2022, United States District Judge Paul L. Maloney sentenced OLIVER to 120 months in federal prison on both counts to run concurrently, followed by 8 years of supervised release and a $600 fine. *See United States v. Ronnie Lou Oliver* (W.D. Mich. 1:21-cr-00140) (R.46: Sentencing Mins, PageID.246; R.47: Judgment, PageID.247-253.) According to the Bureau of Prisons, OLIVER's projected release date is December 29, 2029.

25. Upon information and belief, knowing that the Defendant Property represented proceeds from drug trafficking, in violation of 21 U.S.C. § 841, a specified

unlawful activity, OLIVER conducted or attempted to conduct a financial transaction with the intent to promote the carrying on of the specified unlawful activity, and to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of the specified unlawful activity, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i).

26. Upon information and belief, the Defendant Property is any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 21 U.S.C. § 841, a specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7).

27. Upon information and belief, the Defendant Property was furnished, or intended to be furnished, in exchange for drugs, constitutes the proceeds of drug trafficking, and/or was being used to facilitate violations of 21 U.S.C. §§ 841, 846.

## CLAIM I

28.     Plaintiff hereby re-alleges paragraphs 1-27, as referenced above.

29.     The Defendant Property is forfeitable to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(A), because it is any property, real or personal, involved in a transaction or attempted transaction in violation of section 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), or any property traceable to such property.

## CLAIM II

30.     Plaintiff hereby re-alleges paragraphs 1-27, as referenced above.

31.     The Defendant Property is forfeitable to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C), because it is any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 21 U.S.C. § 841(a)(1), an offense constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7).

## CLAIM III

32.     Plaintiff hereby re-alleges paragraphs 1-27, as referenced above.

33.     The Defendant Property is forfeitable to the United States of America pursuant to 21 U.S.C. § 881(a)(6) because it constitutes (1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance; and/or (2) proceeds traceable to such an exchange; and/or (3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. §§ 841, 846.

## REQUESTED RELIEF

Wherefore, the United States of America requests that the Court issue a warrant for the arrest of the Defendant Property; that due notice be given to all interested parties to appear and show cause why forfeiture to the United States of America should not be decreed; that the Defendant Property be condemned and forfeited to the United States of America and be delivered into the custody of the Drug Enforcement Administration of the United States Marshals Service for disposition according to law; and for such other relief as this Court may deem just and proper.

Dated: March 12, 2024

MARK A. TOTTEN
United States Attorney

DANIEL T. McGRAW
Assistant United States Attorney
P.O. Box 208
Grand Rapids, Michigan 49501-0208
(616) 456-2404

## VERIFICATION

I am a Task Force Officer of the Drug Enforcement Administration with personal involvement in this investigation.

I have read the contents of the foregoing Verified Complaint for Forfeiture In Rem, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 3-11-24

MATTHEW WARZYWAK
Task Force Officer
Drug Enforcement Administration