UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Case No. 1:24-cv-00255

$7,967.67 FROM MICHIGAN STATE        Hon. Paul L. Maloney
UNIVERSITY FEDERAL CREDIT UNION
ACCOUNT ENDING 8960,

    Defendant.
_____/

## **JUDGMENT OF FORFEITURE BY DEFAULT**

        This case is before the Court on Plaintiff's Motion for Judgment of Forfeiture by Default. No person or entity has come forth and filed a verified claim and answer to the Defendant Property consisting of $7,967.67 from Michigan State University Federal Credit Union Account Ending 8960 in the name of Four Season, with sole authorized signatory Ronnie Oliver (collectively, "the Defendant Property"). The funds were seized on or about December 1, 2021 by the Drug Enforcement Administration and are currently in the custody of the United States Marshal Service. Furthermore, it appears that publication has been duly made in this matter, and that due notice was given. Accordingly, the Court finds:

        1.    That process was duly issued in this case and that the Defendant Property was duly seized by the Drug Enforcement Administration;

        2.    That no individuals or business entities have an outstanding verified

claim or answer to the Defendant Property; and

3. That the allegations of the Complaint are taken as admitted with respect to the Defendant Property.

Based upon the above and the Court being otherwise fully advised in the matter, it is hereby,

**ORDERED AND ADJUDGED:**

1. That judgment of forfeiture by default is hereby entered against the Defendant Property in favor of the Plaintiff, to include all accrued interest since the time of seizure for Defendant Property.

2. That all persons claiming any right, title or interest in or to the Defendant Property are held in default.

3. That the Defendant Property is hereby forfeited to the United States of America pursuant to:

 a. 18 U.S.C. § 981(a)(1)(A) because it was property, real or personal involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i);

 b. 18 U.S.C. § 981(a)(1)(C) because it was property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 21 U.S.C. § 841(a)(1); and

 c. 21 U.S.C. § 881(a)(6) because it constitutes (1) money, negotiable instruments, securities and other things of value furnished or intended to be

furnished in exchange for a controlled substance; and/or (2) proceeds traceable to such an exchange; and/or (3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. §§ 841, 846.

4. That all right, title, and interest in and to the Defendant Property is hereby condemned, forfeited, and vested in the United States of America, and the Defendant Property shall be disposed of by the Drug Enforcement Administration and/or the United States Marshal Service or its designee according to applicable law and regulations.

IT IS FURTHER ORDERED that the United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Judgment.

Dated: July 15, 2024

/s/ Paul L. Maloney
PAUL L. MALONEY
United States District Judge